HARWOOD, Justice
(concurring specially).
I concur in the main opinion, but I write specially to make the following observations:
The “civil subpoena for production of documents” at issue in this case (hereinafter for convenience simply “the subpoena”) was issued by the clerk of the Baldwin Circuit Court on July 25, 2003, pursuant to Rule 45(a)(3), Ala. R. Civ. P. Rule 45(a)(3)(C) provides that “[t]he subpoena shall advise the recipient of the right to object at any time prior to the date set forth in the subpoena for compliance therewith.” In conformity with that requirement, the subpoena advised The Ter-minix International Company L.P. that it had “the right to object at any time prior to the date set in this subpoena,” which date was specified to be “within fifteen (15) days after service of this subpoena.” The subpoena was served on July 31, 2003, and Terminix International timely filed its “Responses and Objections” on August 14, 2003. Rule 45(c)(2)(B) provides in pertinent part as follows:
“If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.”
Such a motion for an order compelling the production would be made under Rule 37(a)(2), Ala. R. Civ. P., which provides, in pertinent part, that “if a person objects to *285 or fails to comply, in whole or in part, with a subpoena under Rule 45(a)(3), the discovering party may move for ... an order compelling production or inspection in accordance with the subpoena.” Terminix International followed exactly the procedure spelled out by Rule 45. Without the plaintiffs’ having filed a motion with the court pursuant to Rule 37 for an order compelling production in accordance with the subpoena, however, the trial court set Terminix International’s objections for a hearing on September 23, 2003. No one appeared on behalf of Terminix International on that occasion, and the trial court entered an order disallowing the objections. On October 5, 2003, Terminix International filed its motion to reconsider, expressly reciting, among other things, the following:
“Despite there being no objection or motion to compel filed by [the McCants-es] with respect to [Terminix International’s] objections, those objections were apparently set to be heard before this Court on September 23, 2003, without [Terminix International] ever being sent any notice of said hearing, and despite counsel for [Terminix International] having already been added as counsel of record with this Court on August 15, 2003. Counsel for [Terminix International] remained unaware of the hearing until said counsel received this Court’s order announcing the outcome of that hearing in favor of [the McCantses].”
The McCantses do not dispute those statements and, in fact, advise in their “answer” to the petition that their own attorney “did not appear at said hearing due to conflicts and did not make any argument on [their] behalf....”
Thus, we are dealing with a situation where the trial judge apparently scheduled the objections for hearing ex mero motu, and, for whatever reason, notice of the hearing was not given to Terminix International; at least, that is the “state of the record” as composed by the parties’ respective statements of the facts and the copies of the “parts of the [trial court] record,” all as submitted pursuant to Rule 21, Ala. R.App. P. The hearing the trial court conducted on November 18, 2003, on Terminix International’s motion to reconsider and its motion for protective order did not serve to “cure” those procedural irregularities, particularly given that, as asserted by Terminix International in its “reply brief,” the trial court required Ter-minix International to proceed first with its arguments at the hearing, as if it were the party bearing the burden of persuasion.